## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TYRONE L. RUMFORD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **HIGH CHOICE FEEDERS, LLC,** ) | Case No. |
| **HIGH CHOICE CATTLE, LLC,** ) | Removal from the District |
| **HIGH CHOICE GRAIN, LLC,** ) | Court of Scott County, Kansas |
| **BRADLEY J. SCOTT, and** ) | Case No. 2021-CV-000011 |
| **K. JOHN HINTZSCHE.** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants High Choice Feeders, LLC; High Choice Cattle, LLC; High Choice Grain, LLC; Bradley J. Scott; and K. John Hintzsche (collectively referred to as "Defendants") hereby remove to the United States District Court for the District of Kansas the action styled *Tyrone L. Rumford v. High Choice Feeders, LLC, et al.*, Case No. 2021-CV-000011, from the District Court of Scott County, Kansas. Defendants state the following in support of removal:

### STATE COURT ACTION

On July 7, 2021, Plaintiff Tyrone Rumford commenced this matter by filing his Petition in the case styled *Tyrone L. Rumford v. High Choice Feeders, LLC, et al.*, Case No. 2021-CV-000011 in the District Court of Scott County, Kansas (the "State Court Action").

1. Plaintiff's Petition in the State Court Action asserts a claim for violation of the Kansas Wage Payment Act, as well as a claim for Invasion of Privacy by Appropriation of a Plaintiff's Likeness.

2. Removal is timely if it is filed within 30 days after a defendant receives a copy of an initial pleading through service or otherwise. 28 U.S.C. §§ 1441 and 1446.

3. Defendant received a copy of the initial pleading on July 7, 2021.

4. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. §1332. As such, Defendant may remove this action to this Court pursuant to 28 U.S.C. §§ 1441, 1446.

## PAPERS FROM REMOVED ACTION

5. As required under §1446(a), a true and correct copy of the court file from the State Court Action is attached hereto as **Exhibit A**.

## REMOVAL IS TIMELY

6. A Notice of Removal is required to be filed within 30 days after the defendant receives a copy of an initial pleading through service or otherwise. 28 U.S.C. §1446(b).

7. Defendant received a copy of the Petition on July 7, 2021.

8. This Notice of Removal is being filed on or before August 6, 2021.

## ALL DEFENDANTS CONSENT TO REMOVAL

9. High Choice Feeders, LLC; High Choice Cattle, LLC; and High Choice Grain, LLC consent to removal of this matter to the United States District Court for the District of Kansas.

10. Bradley J. Scott consents to removal of this matter to the United States District Court for the District of Kansas.

11. K. John Hintzsche consents to removal of this matter to the United States District Court for the District of Kansas.

## VENUE REQUIREMENT IS MET

12. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. §1441(a).

## DIVERSITY JURISDICTION EXISTS

10. Plaintiff identifies his residence in the State Court File at the time of the incident as Kansas. *See* Ex. A, Petition ¶ 1.

13. Defendants provide the following information necessary for purposes of establishing that complete diversity of citizenship exists for this controversy.

14. Defendant Bradley J. Scott is a citizen of the state of Illinois. *See* Ex. A, Petition ¶ 2.

15. Defendant K. John Hintzche is a citizen of the state of Illinois. *See* Ex. A, Petition ¶ 3.

16. "[A]n LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel LLC v. Century Sur Co*, 781 F.3d 1233, 1234 (10th Cir. 2015) (*citing see Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419–20 (3d Cir.2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"); *see also ConAgra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175, 1180 (10th Cir.2015) (holding Supreme

Court precedent "dictates that the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members")).

17.     A corporation is deemed to be a citizen of the states in which it is incorporated and in which it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).  The phrase "principal place of business" means the corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Newsome*, 722 F.3d at 1267 (*citing Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010)).  Essentially, a corporation's "nerve center" is mostly likely where the corporation's headquarters are located.  *Id.* at 93.

18.     "For a traditional trust . . . there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Americold Realty Tr. V. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).  While the District of Kansas has not opined on the language in *Americold Realty* that focuses on the notation that a party should trace the citizenship of all its trustees if the trust is a traditional trust, six other circuits have adopted, along with Kansas' neighboring state in the 10th Cir. that *Americold* establishes, "in contract to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees." *Gwilt v. Harvard Square Ret. & Assisted Living*, No. 21-CV-0472-PAB, 2021 WL 2373768, at *8 (D. Colo. May 7, 2021) (unpublished opinion and attached hereto as **Exhibit B**) (*quoting Woodward, Inc. v. ZHRO Solutions, LLC*, No. 18-cv-01468-PAB, 2018 WL 4697324, at *2 (D. Colo. June 26, 2018)) (*additionally stating* "If the trust is a traditional trust, the party must then trace the citizenship of all of its trustees; if the trust is a business trust, the party must trace the citizenship of all of its members."); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34, 39–41 (3d Cir. 2018); *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Bank*

*of New York Mellon as Tr. For Benefit of Certificate Holders of CWABS, Inc., Asset Backed Certificates, Series 2004-2 v. Thunder Properties, Inc.*, 778 F. App'x 488, 488 (9th Cir. 2019) (unpublished); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wang ex rel. Wong v. new Mighty U.S. Trust*, 843 F.3d 487, 494 (D.C. Cir. 2016).

19. Defendant High Choice Feeders, LLC is a Kansas limited liability company ("LLC") that's management is vested in four members: (1) K. John Hintzsche; (2) James M. Scott Trust No. 1; (3) Bradley J. Scott; and (4) Wishbone, Inc. *See* Limited Liability company Annual Report of High Choice Feeders, LLC, filed November 24, 2020, attached hereto as **Exhibit C.**

20. Defendant High Choice Cattle, LLC is a LLC that's management is vested in four members: (1) K. John Hintzsche; (2) James M. Scott Trust No. 1; (3) Bradley J. Scott; and (4) Wishbone, Inc. *See* Limited Liability company Annual Report of High Choice Cattle, LLC, filed December 2, 2020, attached hereto as **Exhibit D.**

21. Defendant High Choice Grain, LLC is a is a LLC that's management is vested in four members: (1) John Hintzsche; (2) the James M. Scott Trust No. 1; (3) Bradley Scott; and (4) Wishbone, Inc. *See* Limited Liability company Annual Report of High Choice Grain, LLC, filed November 24, 2020, attached hereto as **Exhibit E**.

22. With respect to establishing citizenship of the members of the LLCs in ¶¶ 19–21, K. John Hintzsche is a citizen of the state of Illinois. *See* Ex. A, Petition ¶ 3. Bradley J. Scott is a citizen of the state of Illinois. *See* Ex. A, Petition ¶ 2. James M. Scott and Marion M. Scott are Trustees of the James M. Scott Trust No. 1, which is an Illinois Revocable Trust that exits as a fiduciary relationship and was created to facilitate a donative transfer. *See* Affidavit of Douglas

Claussen, attached hereto as **Exhibit I, Ex. I-1**.[1]  Wishbone, Inc.'s principal place of business is in Callaway, Nebraska, which is where its officers direct, control, and coordinate all the corporation's activities.  **Ex. I** Declaration of Douglas Claussen, **Ex. I-2**.  Wishbone, Inc.'s "nerve center," and corporate headquarters, is in Callaway, Nebraska.  See **Ex. I, Ex. I-2**.

Accordingly, there exists complete diversity of citizenship in this matter.  *See* 28 U.S.C. §1332(c).

AMOUNT IN CONTROVERSY EXCEEDS $75,000

23.   A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). In his Petition, Plaintiff claims that "[t]he Company willfully violated the KWPA by failing and refusing to pay [] his profit-sharing bonus in a timely manner." *See* Ex. A, Pet. ¶ 43.  Plaintiff additionally claims that "[t]he unlawful conduct of Defendants [] continue to cause, harm to [him]." *See* Ex. A, Pet. ¶ 47.  And last, Plaintiff claims that he is entitled to damages "representing unpaid wages, penalties, general damages, special damages, disgorgement of ill-gotten profits, prejudgment interest, and such other relief as the Court deems appropriate." *See* Ex. A, Pet. Wherefore clause following ¶ 47.

24.   Plaintiff requests "that judgment be entered in his favor and against Defendants [], for damages in excess of $75,000.00. . .and such other relief as the Court deems appropriate." *See* Ex. A, Pet. Wherefore clause following ¶ 47.

---

[1] There are no Exhibits F, G or H.

25. Based on Plaintiff's claims that the Company willfully violated the KWPA, that the unlawful conduct caused, and continue to cause, harm to Plaintiff, and additional claims for recovery of unpaid wages, penalties, general damages, special damages, disgorgement of ill-gotten profits, prejudgment interest, and such other relief as the Court deems appropriate, a fact finder could legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.00.

## REMOVAL IS PROPER

26. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the District Court of Scott County, Kansas; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

27. The U.S. District Court for the District of Kansas is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

28. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Scott County, Kansas, as required by 28 U.S.C. §1446(d).

## JURY TRIAL DEMANDED

29. Defendant requests a jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

30. Defendant hereby designates Wichita, Kansas as the place for trial.

## CONCLUSION

WHEREFORE, Defendants High Choice Feeders, LLC; High Choice Cattle, LLC; High Choice Grain, LLC; Bradley J. Scott; and K. John Hintzsche do hereby remove the above-

7

captioned action from the District Court of Scott County, State of Kansas, and requests that further proceedings be conducted in this Court as provided by law.

DATED:  August 6, 2021.

Respectfully submitted:

/s/ Mitchell E. Wood
Mitchell E. Wood     (KS #24052)
Ashlee N. Yager      (KS #26456)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: mwood@halbrookwoodlaw.com
E-MAIL: ayager@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of August, 2021, the foregoing was electronically filed with the Clerk of the Court and served via the Court's e-filing system and via electronic mail to the following counsel of record:

Sean McGivern
Nathan R. Elliott
GRAYBILL & HAZLEWOOD, LLC
218 N. Mosley
Wichita, KS  67202
TEL: (316) 266-4058
FAX: (316) 462-5566
Email:  sean@graybillhazlewood.com
Email:  nathan@graybillhazlewood.com

ATTORNEYS FOR PLAINTIFF

/s/ Mitchell E. Wood
ATTORNEY FOR DEFENDANT