IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYRONE L. RUMFORD, | |
| Plaintiff, | |
| v. | Case No. 6:21-cv-01192-HLT-JPO |
| HIGH CHOICE FEEDERS, LLC, et al., | |
| Defendants. | |

**ORDER**

Plaintiff Tyrone Rumford filed suit in state court and asserted state law claims. Defendants removed the case to federal court and invoked diversity jurisdiction. Doc. 1. Plaintiff moves to remand the case. Doc. 4. Plaintiff argues that complete diversity is lacking because Plaintiff and the three limited-liability-company defendants ("the LLC Defendants")[1] are citizens of Kansas. Defendants did not timely respond.[2] Because the Court agrees that Defendants have not shown complete diversity, it grants the motion and remands this case to state court.

Federal courts are courts of limited jurisdiction and must have a statutory basis for jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). A defendant may remove a state court civil action if a federal court has original jurisdiction. 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction must allege facts showing jurisdiction. *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

---

[1] Defendants High Choice Feeders, LLC, High Choice Cattle, LLC, and High Choice Grain, LLC.

[2] Defendants' response was due on August 23. *See* D. Kan. Rule 6.1(d)(2) (providing that responses to non-dispositive motions such as motions to remand must be filed and served within 14 days). Defendants failed to timely respond and, thus, waive any arguments. *See* D. Kan. Rule 7.4(b).

Here, Defendants removed this case based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Under this statute, a "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* Diversity jurisdiction under this statute requires complete diversity, which means that no plaintiff may be a citizen of the same state as any defendant.

Plaintiff's motion to remand does not contest the amount in controversy and instead argues that Defendants do not allege complete diversity. The Court agrees because Defendants do not allege complete diversity between Plaintiff and the LLC Defendants. Specifically, the LLC Defendants take the citizenship of their members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (explaining that a limited liability company "takes the citizenship of all its members"). Defendants' notice of removal states that Wishbone, Inc. is a member of the LLC Defendants. Doc. 1 at ¶¶ 19-21.

Wishbone, Inc. is a corporation, and a corporation's citizenship is determined by its place of incorporation and its principal place of business. *Mgmt. Nominees, Inc. v. Alderney Invs., L.L.C.*, 813 F.3d 1321, 1324 (10th Cir. 2016); 28 U.S.C. § 1332(c). Defendants' notice of removal states that Wishbone Inc.'s "principal place of business," "nerve center," and "corporate headquarters" is in Callaway, Nebraska, which is "where its officers direct, control, and coordinate all the corporation's activities." *Id.* at ¶ 22. But Defendants' notice ignores Wishbone, Inc.'s state of incorporation.

Because Defendants' notice does not allege Wishbone, Inc.'s state of incorporation, Defendants have not alleged complete diversity. In addition, documents attached to Defendants' notice indicate that Wishbone, Inc. is incorporated in Kansas and, thus, a citizen of Kansas. *See,*

2

*e.g.*, Doc. 1-6 at 1 (Claussen affidavit stating that Wishbone, Inc. is a "Kansas for Profit Corporation") and 7 (Kansas Annual Report). Because Plaintiff and Wishbone, Inc. are both Kansas citizens, complete diversity is lacking. Because Defendants have not shown that diversity jurisdiction exists, remand is warranted.[3]

THE COURT THEREFORE ORDERS that Plaintiff's motion to remand (Doc. 4) is GRANTED IN PART. The Court directs the Clerk of Court to REMAND the case to the District Court of Scott County, Kansas. Plaintiff's request for attorney's fees and costs is DENIED.

IT IS SO ORDERED.

Dated: September 7, 2021          /s/ *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff makes a passing request for reasonable attorneys' fees and costs incurred because of removal. The Court exercises its discretion and denies this request. Plaintiff does not develop this request (it is a single sentence in the "Wherefore" conclusion to the motion), and the mere granting of a motion to remand does not automatically entitle a moving plaintiff to fees and costs. Defendants did not oppose this motion, and flawed jurisdictional allegations for limited liabilities corporations are not uncommon. There is no evidence of impropriety or frivolity. Thus, the Court finds that fees and costs are not warranted.